UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.2:11-CR-00002-7 |
| v. | ) | |
| | ) | Judge Trauger |
| | ) | |
| TOMMY MASON ROSECRANTS | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE CONSISTING OF A
$10,000.00 UNITED STATES CURRENCY MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Tommy Mason Rosecrants's guilty plea as to Count One of the Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, Defendant Rosecrants shall forfeit to the United States his interest in $10,000.00 United States currency in the form of a Money Judgment and substitute assets if such Money Judgment is not paid pursuant to the following agreed schedule: Defendant agrees to provide funds in the amount of $2,000 per year in monthly installments of $166.66 (hereinafter collectively referred to as "Subject Property"). The funds will be paid in the form of either a cashier's check or an escrow check made payable to the United States Marshal Service Asset Forfeiture and delivered to the Drug Enforcement Administration, Suite 500, 801 Broadway, Nashville, TN 37203, and payments shall start upon sentencing, unless the defendant is sentenced to jail. If Defendant serves time in jail, payments shall begin six months after he begins his term of supervised release, and shall continue thereafter until satisfied. Said

$10,000.00 United States currency is proceeds from the offense of which Defendant was convicted.

2. The Court has determined, based on relevant and reliable evidence, including evidence already in the record, the written Plea Petition and Reserved Plea Agreement dated January 23, 2012 entered herein between the United States and Defendant Rosecrants and any additional evidence or information submitted by the parties, including the factual basis agreed to by the United States and Defendant at pages three through five, paragraph 8 and related paragraphs 21 through 25 of the Reserved Plea Agreement, and the facts set forth at the plea colloquy on January 23, 2012 that $10,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the currency and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853, Defendant shall forfeit to the United States the sum of $10,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against Defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $10,000.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. The Money Judgment in the amount of $10,000 United States currency shall be

satisfied pursuant to the Plea Agreement entered into between Defendant Rosecrants and the United States according to the following payment schedule: Defendant agrees to provide funds in the amount of $2,000 per year in monthly installments of $166.66. The funds will be paid in the form of either a cashier's check or an escrow check made payable to the United States Marshal Service Asset Forfeiture and delivered to the Drug Enforcement Administration, Suite 500, 801 Broadway, Nashville, TN 37203, and payments shall start upon sentencing, unless the defendant is sentenced to jail. If Defendant serves time in jail, payments shall begin six months after he begins his term of supervised release, and shall continue thereafter until satisfied. In the event the time for payment pursuant to the above schedule has expired without the payments as agreed, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order of Forfeiture to forfeit specific property of Defendant, having a value up to the amount of any remaining Money Judgment, as substitute assets pursuant to Rule 32.2(e) to satisfy the Money Judgment in whole or in part.

6. This Money Judgment against Defendant Rosecrants shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $10,000.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

8. This Order is in continuing and full effect until payment of the $10,000.00 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 6th day of December, 2012.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE